ERDMANN, Judge
(dissenting):
Because of the cumulative effect of errors at both the court-martial and Court of Criminal Appeals levels, I respectfully dissent. This case involves the Internet-based, peer-to-peer file-sharing network Kazaa. The Kazaa network does not utilize a main server where members can post images and other files, but rather Kazaa allows members to search for and download files located in the Kazaa folders on the individual computers of other members. Ober was a member of Kazaa and had the application on his computer. Images of child pornography which had been downloaded using Kazaa were found on Ober’s computer. In addition to being charged with possession of child pornography, Ober was also charged with transporting child pornography by “uploading pictures of child pornography to a shared internet file named ‘KAZAA.’ ”
My initial concern is that in affirming Ober’s “transporting” conviction, the Court of Criminal Appeals relied on a theory not presented to Ober or the members until the Government’s ease in rebuttal. Consistent with the charged language, the Government initially proceeded on a theory that Ober had made images available to other Kazaa users by putting the images in his shared folder. Accordingly, in his opening statement the trial counsel stated Ober was guilty because “he allowed others to view [child pornography images on his computer] as they were transmitted from his computer.” Ober had notice and the opportunity to respond to this “uploading” theory because it was presented in the specification and the opening statement.
In developing this theory during its casein-chief, however, the Government’s computer forensic expert testified that the Kazaa application on Ober’s computer was set to prevent uploading. Under this setting Ober could obtain files using Kazaa, but other Kazaa users could not access files on Ober’s computer. In other words there could be no “upload” from Ober’s computer.
The Government did not present the theory upon which the Court of Criminal Appeals based its decision until rebuttal, when the defense had already responded to the Government’s case-in-chief.[1] This alternative theory of the case was presented when the Government’s expert testified on rebuttal that when an individual downloads a file using Kazaa that action “causes an upload to occur on the other person’s computer.” During closing arguments, trial counsel focused on the Government expert’s rebuttal testimony: “No one caused that file to be uploaded on the Internet except him.” While evidence was presented in the Government’s case-in-chief that images of child pornography had been downloaded to Ober’s computer using Kazaa, this evidence supported the possession specification and the Government did not equate this action with “uploading” until rebuttal. The Government abandoned the theory it relied upon in its case-in-chief and *408 contended that Ober “caused an upload” when he “downloaded” files via Kazaa. The Court of Criminal Appeals affirmed Ober’s conviction on this basis. See United States v. Ober, No. ARMY 20040081, slip op. at 3-4 (A.Ct.Crim.App. May 25, 2007) (unpublished).
Affirming a conviction based on a theory not presented in the Government’s ease-in-chief raises concerns regarding basic notions of due process.[2] Based on the charging language and the Government’s ease-in-ehief, Ober did not have notice that when the Government charged him with “uploading,” they intended the term to mean “downloading.” Such a convoluted theory begs the question as to why the Government just didn’t charge him with “downloading.” Due process notice and fundamental fairness require that the Government present its theory of the ease to the factfinder and the accused before the accused’s case-in-chief.
If this were the only error, I would be inclined to affirm as the “download means upload” theory was at least presented during rebuttal and the defense did not request additional time to respond. This error is compounded, however, by the military judge’s failure to instruct the members on the definition of “uploading” and “downloading” and his failure to instruct the members as to the “cause to be” element in the charged offense.
As Ober was specifically charged with “uploading pictures of child pornography to a shared internet file named ‘KAZAA’”, the meaning of the term “uploading” was critical to the members’ deliberations. There was, however, conflicting testimony as to the meaning of the term. While the military judge provided the members with definitions of a number of terms referenced in the elements of the offense,[3] he failed to instruct the members as to the definition of the most critical term — “uploading.”
During the Government’s case-in-chief, the Government expert testified that Ober’s computer contained child pornography that had been downloaded from Kazaa and that, under Ober’s computer settings, no one could “upload” files from Ober’s computer. This testimony would have been helpful to the Government had Ober been charged with “downloading” rather than “uploading.” On rebuttal the Government expert revised his definition when he essentially testified that utilizing the Kazaa network, if member A “downloads” a file from member B’s computer, that “download” causes an “upload” from member B’s computer.
In regard to these terms, the defense expert testified that: “ ‘Downloading’ is brining [sic] something to you; and ‘uploading,’ in this situation, would be is if you had an open portal where you’re allowing somebody to take away from you, or you’re physically going out and sending something out.” At best the various definitions discussed by the experts are very confusing.
While the majority concludes that the experts provided “comprehensive explanations of the KaZaA process, including uploading” and that these explanations were not materially different, this conclusion discounts the significant distinctions between the language initially used by both experts and the Government expert’s subsequent recasting of the term. See United States v. Ober, 66 M.J. at 406-407 (C.A.A.F.2008). Additionally, the “uploading means downloading” definition upon which the Government relies is counter-intuitive and contrary to the common understanding of the term “uploading,”[4] which further supports the need to define the term for the members. In this instance the definition of the term “uploading” is not a disputed fact to ultimately be found by the members, but is a legal term in the specification. Because the experts provided conflicting defini *409 tions of this crucial term, the military judge erred in not providing an instruction as to its meaning.
A military judge has an obligation to “instruct the members of the court as to the elements of the offense.” Article 51(c), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 851(c) (2000); see also Rule for Courts-Martial (R.C.M.) 920(e)(1) (requiring the military judge to describe the elements of the offense to the panel). These instructions must be “tailored to fit the circumstances of the case, and should fairly and adequately cover the issues presented.” R.C.M. 920(a) Discussion.
Specification 1 charged that Ober did: “knowingly and wrongfully cause to be transported in interstate commerce child pornography by uploading pictures of child pornography to a shared internet file named ‘KAZAA’, in violation of 18 U.S.C. [§] 2252A(a)(l).” While the military judge did explain the various elements of this specification in his instruction, he did not reference or define the “cause to be” language. Although the Government has argued that the “cause to be” language is merely surplusage, it is clear that “cause to be transported” is not the same as “transported.” As instructed, the members convicted Ober of “transporting” rather than “caus[ing] to be transported.”
Before this court, the Government relied extensively on the Government expert’s rebuttal testimony that accessing files on Kazaa “causes an upload to occur on the other person’s computer.” “Causes to be” must have meaning in order for the Government’s rebuttal theory to be successful. As such, the term was critical to the Government’s case and cannot be considered surplusage. When a case is premised on particular language in the specification, it cannot be disregarded. See United States v. Smith, 21 C.M.A. 264, 267, 45 C.M.R. 38, 41 (1972); United States v. Rowe, 13 C.M.A. 302, 310, 32 C.M.R. 302, 310 (1962). The military judge, therefore, erred when he failed to explain this phrase to the members in his instructions.[5] The military judge did not meet his clear obligation to present each element to the panel, tailor the instructions to the facts of the case, and give definitions of key terms, particularly those in conflict.
Given the cumulative effect of the due process error and the instructional errors, I would reverse the decision of the United States Army Court of Criminal Appeals as to this specification and order the record of trial returned to the Army Judge Advocate General for a new trial.

. The majority contends that the Government presented both theories in its opening statement because trial counsel discussed downloading of images. See United States v. Ober, 66 MJ. at 397, 405 (C.A.A.F.2008). However, trial counsel never equated downloading images with "causing an upload” during his opening statement, nor did any witness make this strained connection during the Government's case-in-chief. Instead, trial counsel discussed downloading during his opening statement in the context of explaining why Ober would be found guilty of the possession charge, which is not in issue before this court. Only one theory of liability for the transportation specification was presented to the panel before the defense responded with its case-in-chief.

. Cf United States v. Russo, 74 F.3d 1383, 1396 (2d Cir.1996) (concluding that the prosecutor’s behavior was improper where he created a "last minute” argument on rebuttal to which the defendant could not properly respond).

. See Ober, 66 M.J. at 401-403.

. See, e.g., A & M Records, Inc. v. Napster, Inc., 239 F.3d 1004, 1011 n. 1 (9th Cir.2001) ("To download means to receive information, typically a file, from another computer to yours via modem____ The opposite term is upload, which means to send a file to another computer.”) (citation and quotation marks omitted).

. Although the military judge informed that parties that he would define the term "transporting”, he also failed to define that term.